Seward, J.
(orally).
This ease is submitted to the court upon a motion for a new trial. It is a case which was tried to a jury. The court, after the plaintiff has rested, upon a motion made by the defendant, directed a verdict for the defendant.
The action is for personal injuries. Lizzie Brown, the plaintiff, died after bringing the suit. The testimony shows, or tends to show, it so satisfied the court, that she died as a result of the injuries received. An administrator was appointed and now prosecutes the suit. . The court thought that the action did not *171 survive to the administrator, and therefore directed a verdict for the defendant. The court was governed in its decision by the 151st U. S., which was a case, of the Baltimore & Ohio Railroad Company, plaintiff' in error, against — I do not remember the defendant’s name. The case went to the Supreme Court of the United States from the state of'West Virginia. The statute governing such actions in West Virginia is very similar to the statute here. The Supreme Court held that the action abated, and could not be revived in 'the name of the administrator.
. In so doing in this case this court followed also a decision rendered by the Common Pleas Court of Lorain County, and another decision rendered by the Common' Pleas Court of Franklin County.
But, the court is now satisfied that it has made a mistake in this matter, and it is,going to rectify it. The court had not very much time ■ to consider the question at the time it directed the verdict, blit is now satisfied that an action for personal injuries does not abate by reason of the death of the person who was injured, or who brought the suit. The court refers to Section 5144, Revised Statutes. There are some common pleas court decisions in Ohio which hold-that the action does abate, but I am constrained to disagree with them, after a thorough investigation of this matter. Section 5144 reads:
“Except as otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party.” - .
In the 53d Ohio State (Ohio & Penn. Coal Co. v. Smith), is a suit brought to recover for injuries sustained by Smith while working in a coal mine. If is an action very similar to the one at bar. Smith died after he had recovered a judgment in the common pleas court. Error was prosecuted to the circuit court, and the judgment in favor of Smith was reversed and the case was sent back for re-trial. The Supreme Court held, in that ease, that that action did not abate; that it survived in favor of the administrator.
S. L. James and Fulton & Fulton, for plaintiff.
J. R. Fitzgibbon and W. R. Pomerene, for defendant.
I have investigated the facts in that case, and find that Smith died as a result of the injuries received. The only difference between that case and this is that Smith had recovered a judgment before he died, and after he died it was reversed by the circuit court. That is the only difference there is between the two cases. I can not see how the common pleas courts of the two counties mentioned could have held as they did, if they had all the facts in this case before them. There is a ease in the 12 Fed. Rep. — I do not remember the page — which is almost on all fours with this case, and refers to the case in the 53 Ohio State. It is a decision by Justice Harlan of the United States Supreme Court.
Motion sustained and verdict set aside.